IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SOPHIE DIANE HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:13-CV-560 |
| ) | |
| ASSET ACCEPTANCE, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Sophie Hopkins (hereinafter referred to as "Plaintiff" or "Ms. Hopkins") is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC (hereinafter "Asset") is a limited liability company and "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through

1

its agent for service of process as follows: C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

6. Other defendant(s) may be discovered in the course of litigation, and Ms. Hopkins respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

7. Asset uses mail in its business.

8. Asset uses telephone communications in its business.

9. The primary purpose of Asset's business is the collection of debts.

10. Asset regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

11. Asset is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

12. Defendant has alleged that Ms. Hopkins incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Chase Bank/HERITAGE CHASE.

13. Upon information and belief, Defendant does not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

*August 1, 2012 Collection Letter from Defendant*

14. On or about August 1, 2012, Defendant sent a collection letter dated August 1, 2012 to Ms. Hopkins. A copy of the collection letter is attached hereto as Exhibit A and incorporated herein by reference.

15. The August 1, 2012 collection letter asserts:

>    RE:   Chase Bank/HERITAGE CHASE
>
>    | | |
>    |---|---|
>    | Original Credit Acct #: | XXXXXXXXXXXX6478 |
>    | Asset Acceptance, LLC Acct #: | 40420446 |
>    | Current Balance: | $41643.71 |
>    | **DISCOUNTED Settlement Amount:** | **$12493.11** |
>    | Expiration Date: | 08/31/2012 |

    See Exhibit A (emphasis in original).

16. The August 1, 2012 collection letter further asserts that:

>    We would like to help you eliminate this debt with us. Your current balance is $41643.71, but if you pay us $12493.11 by 08/31/2012, we will close your account and consider it paid. That's a 70% discount or a savings of $29150.60!

    See Exhibit A.

*February 1, 2013 Collection Letter from Defendant*

17. On or about February 1, 2013, Defendant sent a collection letter dated February 1, 2013 to Ms. Hopkins. A copy of the collection letter is attached hereto as Exhibit B and incorporated herein by reference.

18. The February 1, 2013 collection letter from Defendant is a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. The February 1, 2013 collection letter asserts:

RE: Chase Bank/HERITAGE CHASE

| | |
|---|---|
| Original Credit Acct #: | XXXXXXXXXXXX6478 |
| Asset Acceptance, LLC Acct #: | 40420446 |
| Current Balance: | $43663.81 |
| **DISCOUNTED Settlement Amount:** | **$10915.95** |
| Expiration Date: | 02/28/2013 |

See Exhibit B (emphasis in original).

*March 1, 2013 Collection Letter from Defendant*

20. On or about March 1, 2013, Defendant sent a collection letter dated March 1, 2013 to Ms. Hopkins. A copy of the collection letter is attached hereto as Exhibit C and incorporated herein by reference.

21. The March 1, 2013 collection letter from Defendant is a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. The March 1, 2013 collection letter asserts:

RE: Chase Bank/HERITAGE CHASE

| | |
|---|---|
| Original Credit Acct #: | XXXXXXXXXXXX6478 |
| Asset Acceptance, LLC Acct #: | 40420446 |
| Current Balance: | $44135.70 |
| **DISCOUNTED Settlement Amount:** | **$11033.92** |
| Expiration Date: | 03/30/2013 |

See Exhibit C (emphasis in original).

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE
AMOUNT OF THE ALLEGED DEBT

23. The acts of the Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

24. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1). The amount sought in Defendant's August 1, 2012 collection correspondence was $41,643.71. See Exhibit A.

25. Approximately six (6) months thereafter, the amount sought inexplicably increased to $43,663.81. See Exhibit B.

26. Approximately one (1) month thereafter, the amount again inexplicably increases to $44,135.70. See Exhibit C.

27. Defendant has never been able to provide documentation as to the actual contractual rate of interest or fees.

28. By attempting to collect an arbitrary amount in each collection correspondence, Defendant is attempting to collect interest and/or fees to which was neither authorized by the agreement creating the debt nor permitted by law.

29. As a result of Defendant's actions, Ms. Hopkins is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

30. Ms. Hopkins incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant

of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

32. Defendant is attempting to collect interest and/or fees to which it has no basis.

33. The August 1, 2012 collection letter from Asset stated a balance owing of $41,643.71. See Exhibit A.

34. The February 1, 2013 collection letter from Asset stated a balance owing of $43,663.81. See Exhibit B.

35. The March 1, 2013 collection letter from Asset stated a balance owing of $44,135.70. See Exhibit C.

36. Ms. Hopkins asserts no payments were made during this time; nonetheless, the balance inexplicably increases significantly.

37. The amount demanded by Defendant in the collection letters are the results of Defendant's application of inconsistent rates of fees and interest.

38. Defendant is intentionally false, deceptive and misleading in representing a contractual rate of interest and/or fees to which it was not entitled to collect.

39. Defendant has never been able to provide documentation as to the actual contractual rate of interest.

40. The varying balance amounts by Defendant are confusing to the least sophisticated consumer as to the actual amount owed.

41. By attempting to collect interest and/or fees to which it was not entitled to collect, Defendant has confused Ms. Hopkins as to what amount of money she owes on this account.

42. As a result of Defendant's actions, Ms. Hopkins is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## SUMMARY

43. The above-detailed conduct by Defendant in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by each and every defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the

circumstances.

      Respectfully submitted this the 19th day of September, 2013.

                        SOPHIE DIANE HOPKINS

                        */s/ Brent T. Strunk*
                        Brent T. Strunk, BPR #023050
                        Attorney for Plaintiff

Brackett & Strunk, PLLC.
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net